Filed 1/21/22 P. v. Arenas CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074088 |
| v. | (Super.Ct.No. RIF1103487) |
| CESAR SAUL ARENAS et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Reversed and remanded with directions.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant Cesar Saul Arenas.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant Eddie Gudino.

Xavier Becerra and Rob Bonta, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Daniel Rogers, Assistant Attorney

1

General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

Defendants and appellants Cesar Saul Arenas (Arenas) and Eddie Gudino (Gudino) pleaded guilty to attempted murder in 2011. In 2019, defendants petitioned the superior court to vacate their attempted murder convictions pursuant to Penal Code[1] former section 1170.95, a resentencing statute enacted as part of Senate Bill No. 1437 (2017-2018 Reg. Sess.; Stats 2018, ch. 1015, § 4, eff. Jan. 1, 2019). In a nutshell, that bill limited the offense of murder under the felony-murder rule to defendants who: (1) are the actual killer; (2) are not the actual killer, but who share the killer's intent to kill, and aid and abet in the killing; or (3) are a major participant in a felony and who act with reckless indifference to human life; and it eliminated the offense of murder under the natural and probable consequences doctrine. (*People v. Gentile* (2020) 10 Cal.5th 830, 846, 848.) The superior court granted the People's motions to dismiss defendants' petitions because, at that time, section 1170.95 did not expressly apply to the offense of *attempted* murder.

On appeal, defendants argued the reforms enacted by Senate Bill No. 1437 should necessarily apply to the offense of attempted murder under the natural and probable consequences doctrine because that offense is a lesser included offense of a completed murder under the natural and probable consequences doctrine. And, they contended withholding the remedial effect of Senate Bill No. 1437 to attempted murderers violated the equal protection clauses of the federal and California constitutions. We affirmed the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

dismissal of defendants' petitions because, like every other court to address those questions in a published decision, this court had soundly rejected defendants' arguments.

The Supreme Court granted review on August 11, 2021. (*People v. Arenas et al.*, S269232.) In the meantime, on October 5, 2021, the Governor signed into law Senate Bill No. 775 (2021-2022 Reg. Sess.) to amend section 1170.95 and clarify that relief may be available under that statute to persons convicted of *attempted* murder under the natural and probable consequences doctrine. (§ 1170.95, subd. (a), as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.) On December 22, 2021, the Supreme Court transferred the matter back to this court with directions to vacate our original opinion and reconsider the cause in light of Senate Bill 775. We vacated our original opinion and directed the parties to file supplemental briefs addressing the effect of Senate Bill No. 775.

In their supplemental briefs, Arenas[2] and the People, as represented by the Attorney General, agreed we must reverse the orders dismissing the defendants' petitions and remand the matter for the trial court to determine, in the first instance, whether defendants made a prima facie showing of entitlement to relief under amended section 1170.95. We agree and so order.

I.

PROCEDURAL BACKGROUND

In 2011, the People filed a felony complaint charging defendants with two counts of premeditated attempted murder and various additional offenses and sentencing

---

[2] Gudino elected not to file a supplemental brief.

3

allegations. As part of plea agreements with the prosecutor, defendants each pleaded guilty to one count of attempted murder without premeditation (§§ 187, subd. (a), 664, subd. (a), count 1), and to one count of actively participating in a criminal street gang (§ 186.22, subd. (a), count 9); and they both admitted the sentencing allegation that the attempted murder alleged in count 1 was committed with the specific intent to promote, further, and assist in the criminal activity of a criminal street gang (§ 186.22, subd. (a)). In addition, Gudino admitted the sentencing allegations that he personally and intentionally discharged a firearm and caused great bodily injury or death during the commission of the attempted murder alleged in count 1 (§§ 12022.53, subd. (d), 1192.7, subd. (c)(8)), and he admitted to having suffered one prior prison term (§ 667.5, subd. (b)).

The trial court sentenced Gudino on count 1 to state prison for the upper term of nine years; 10 years each for the gang and firearm enhancements, to be served consecutively with count 1; two years for count 9, to be served concurrently with count 1; and one year for the prison prior, for a total determinate term of 30 years. The court sentenced Arenas to state prison for the low term of five years on count 1; 10 years for the gang enhancement, to be served consecutively to with count 1; and two years for count 9, to be served concurrently with count 1, for a total determinate term of 15 years. At the prosecutor's request, the court dismissed, in the interest of justice, the remaining counts and sentencing allegations in the complaint. (§ 1385.)

Gudino timely appealed, but this court affirmed the judgment when his attorney filed a brief pursuant to *Anders v. California* (1967) 386 U.S. 738 and *People v. Wende*

4

(1979) 25 Cal.3d 436, indicating he found no arguable issues of reversible error. (*People v. Gudino* (Sept. 20, 2012, E055749) [nonpub. opn.].) Arenas did not appeal.

Effective January 1, 2019, Senate Bill No. 1437 amended sections 188 and 189 (Stats. 2018, ch. 1015, §§ 2, 3) to limit the application of the felony-murder rule to persons who: (1) are the actual killer; (2) are not the actual killer, but who share the killer's intent to kill, and aid and abet in the killing; or (3) are a major participant in a felony and who act with reckless indifference to human life; and it eliminated the offense of murder under the natural and probable consequences doctrine. (§§ 188, subd. (a)(3), 189, subd. (e)(1)-(3); *People v. Gentile*, *supra*, 10 Cal.5th at pp. 846, 848.) In addition, Senate Bill No. 1437 enacted former section 1170.95 (Stats. 2018, ch. 1015, § 4), which permitted persons previously convicted of first or second degree murder under the felony-murder rule or the natural and probable consequences doctrine, but who could not be so convicted after the amendments to sections 188 and 189 made by Senate Bill No. 1437, to petition the superior court to vacate their murder convictions and to resentence them on any remaining counts.

On March 22 and April 5, 2019, respectively, Gudino and Arenas filed petitions for resentencing pursuant to former section 1170.95. Notwithstanding the fact the People had charged them with *attempted* premeditated murder, and they had pleaded guilty to *attempted* murder without premeditation, using a check-box form, defendants alleged they had been charged with and pleaded guilty to first or second degree murder under the felony-murder rule or under the natural and probable consequences doctrine, but that they could no longer be convicted of murder under either theory.

5

The district attorney filed oppositions requesting the superior court strike or deny the petitions on the ground Senate Bill No. 1437 was unconstitutional. In the alternative, the district attorney argued the superior court should summarily deny the petitions because defendants pleaded guilty to attempted murder and, therefore, they were not eligible for relief under former section 1170.95.

The superior court appointed counsel for defendants. Their attorneys filed oppositions to the district attorney's motions to strike, arguing Senate Bill No. 1437 is constitutional. The attorneys did not address the district attorney's alternative argument that defendants were ineligible for relief under former section 1170.95.

At a hearing on the petitions, the district attorney orally moved to dismiss Arenas's petition "because it does not involve murder. It's only attempted murder." The superior court noted that two appellate courts had recently held "attempted murder does not fall within the provisions of [former section] 1170.95," and "both of them have dealt with the constitutionality of that." Because the superior court believed it was "obliged to follow" those decisions, the court indicated it was inclined to grant the prosecutor's motion to dismiss. Counsel for Arenas objected for the record, and the court dismissed the petition. Later, at the same hearing, the superior court granted the district attorney's motion to dismiss Gudino's petition for the same reason.[3]

---

[3] The superior court did not rule on the constitutionality of Senate Bill No. 1437. Like every other appellate court to address that issue in a published decision, this court has since rejected the same constitutional arguments made by the prosecutor in this case. (*People v. Johns* (2020) 50 Cal.App.5th 46; *People v. Lippert* (2020) 53 Cal.App.5th 304.) There is no dispute on appeal that the bill *is* constitutional, so we need not address the issue further.

## II.

## DISCUSSION

On appeal, defendants argued former section 1170.95 applied to the offense of attempted murder under the natural and probable consequences doctrine, and that excluding that offense would violate the equal protection clauses of the federal and California constitutions. Because this and every other court to address those questions in published decisions had held Senate Bill No. 1437 did not apply to final judgments for attempted murder, and the exclusion of attempted murder did not offend equal protection principles, we affirmed the dismissals.

As indicated, *ante*, while this appeal was pending in the Supreme Court, the Governor signed into law Senate Bill No. 775. In its uncodified statement of findings and declarations, the Legislature stated the bill "[c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).) The bill amended section 1170.95, subdivision (a), to provide: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder* under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, *attempted murder*, or manslaughter conviction vacated and to be

7

resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a), italics added; as amended by Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.)

In his brief, Arenas argues the amendments made to section 1170.95 are ameliorative, apply retroactively to his petition, and we should reverse and remand the matter for the trial court to reconsider his petition. The People agree, stating: "In light of [Senate Bill. No.] 775, the parties should have the opportunity to brief [in the trial court] whether [defendants have] made the requisite prima facie showing" of entitlement to relief under section 1170.95. We too agree and so order.

## III.

## DISPOSITION

The orders dismissing defendants' petitions are reversed. The matter is remanded for the trial court to determine whether defendants have made a prima facie showing of entitlement to relief under amended section 1170.95.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    J.

We concur:


RAMIREZ
                P. J.


MILLER
                J.

8